**Lyle Tracy SANDERS, Appellant**

v.

**The STATE of Texas, Appellee**

**NO. 09-16-00004-CR**

Court of Appeals of Texas, Beaumont.

Submitted on May 23, 2017

Opinion Delivered June 21, 2017

Bruce W. Cobb, Beaumont, TX, for Appellant.

Bob Wortham, District Attorney, Courtney P. Davis, Assistant District Attorney, Beaumont, TX, for Appellee.

Before Kreger, Horton, and Johnson, JJ.

## OPINION

HOLLIS HORTON, Justice

Lyle Tracy Sanders appeals his conviction for assault. In one issue, Sanders argues the trial court erred by allowing the complaining witness to testify before the jury about the fact that she picked Sanders' image from a photo lineup comprised of six images of African-American males during the investigation that the police

conducted into the reported assault. *See* Tex. Penal Code Ann. § 22.01(a) (West Supp. 2016). We conclude that Sanders' issue has no merit, and we affirm the trial court's judgment.

## Background

In February 2015, "Mary"[1] reported to the Beaumont Police Department that she had been assaulted by a person she knew as "Sandman." Mary told the police that she was walking toward a grocery store when a large dump truck stopped in front of her. According to Mary, a man she knew as "Sandman" got out of the truck, demanded the return of a phone she previously purchased from him, and that Sandman then struck her with his fist. Five days after the alleged assault, Mary went to the police station. While there, Mary selected Sanders' image from an array comprised of six images, and she indicated that Sanders was the person who assaulted her several days earlier. Approximately one week later, the State charged Sanders with committing a Class-A misdemeanor assault. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b) (West Supp. 2016).

Mary and Detective Timothy Spikes, the Beaumont Police Department detective who investigated Mary's complaint, were called as witnesses by the State during the trial. Mary was the first witness the State called during the guilt-innocence phase of the trial. When Mary testified before the jury, Mary identified Sanders as the person who assaulted her in February 2015. Over the objection of Sanders' attorney, Mary also testified that she picked Sanders out of a photo array shown to her by police during the investigation the police conducted into the assault. The six photos that Mary was shown by police during

their investigation of the assault and the photo lineup form, which contains the instructions that Mary was given regarding selecting a photo from those in the array, were offered and admitted when Mary testified in the case.

The State then called Detective Spikes, who testified that Mary selected Sanders' image from the six photos that he showed her several days after the assault. After the State rested, Sanders called one witness, Darrell Johnson, who testified that he has known Sanders his entire life and that to his knowledge, Sanders had never owned a truck or a dump truck. After the conclusion of the guilt-innocence phase of the trial, the jury found Sanders guilty, as charged in the information, which alleged that on or about February 19, 2015, Sanders intentionally, knowingly, and recklessly caused bodily injury to Mary by striking her in the head with his hand.

## Issue

In a single appellate issue, Sanders argues the trial court should have sustained his objection to the State's attempt to bolster Mary's testimony identifying Sanders at trial with her prior out-of-court statement identifying Sanders from the photos shown to her several days after Mary was assaulted. According to Sanders, because he did not challenge Mary's identification of him during the trial, the State should not have been allowed to reinforce Mary's account identifying him as the assailant by using her prior statement indicating that she had also identified Sanders in the photo lineup she was shown during the investigation of the assault.

1. Mary is a pseudonym that we have used to conceal the complaining witness's identity. *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness

and with respect for the victim's dignity and privacy throughout the criminal justice process").

## Standard of Review

An abuse-of-discretion standard is used to review a trial court's ruling to admit or to exclude evidence in a trial. *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005). When the trial court's evidentiary ruling is correct under any theory of law that applies to the case, the ruling will not be overturned on appeal. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). To demonstrate the trial court committed error in admitting evidence in a criminal trial, the appellant must show that the trial court's ruling "was so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

## Analysis

Bolstering occurs when an item of evidence is improperly used during a trial solely to add weight to earlier, unimpeached evidence offered by the party during the trial. *See Cohn v. State*, 849 S.W.2d 817, 819-20 (Tex. Crim. App. 1993). Historically, testimony bolstering a witness's identification of a defendant during the trial of the case was disallowed because courts considered the testimony, the witness's prior out-of-court statement, to be inadmissible hearsay. *See Thomas v. State*, 811 S.W.2d 201, 208 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd). However, by adopting Rule 801(e)(1)(C) of the Texas Rules of Criminal Evidence, the Court of Criminal Appeals adopted a rule that expressly allowed a party to elicit testimony from a witness regarding the witness's prior out-of-court identification of the defendant. *See* Tex. R. Crim. Evid. 801(e)(1)(C), 701-702 S.W.2d (Tex. Cases) LII-LIII (1986, amended 1998) (current version at Tex. R. Evid. 801(e)(1)(C)). Rule 801(e)(1)(C), the Rule of Evidence that applied to Sanders' trial, makes prior statements of a witness who identifies the de-fendant during the trial admissible when the "declarant testifies and is subject to cross-examination about [her] prior statement, and the statement identifies a person as someone the declarant perceived earlier." Tex. R. Evid. 801(e)(1)(C).

In this case, Mary testified during Sanders' trial, and she could have been cross-examined by Sanders during the trial about her prior out-of-court identification of Sanders from the images in the photo array. Under Rule 801(e)(1)(C), Mary's testimony about her prior statement identifying Sanders was admissible, so the trial court did not abuse its discretion by admitting Mary's testimony about the fact she previously picked Sanders' image from the images she was shown by the police. *Id.* We overrule Sanders' issue and affirm the trial court's judgment.

AFFIRMED.